**Emmeline LEWIS, for herself, all teachers employed in the San Jacinto Junior College, Harris County, Texas, etc., Plaintiff-Appellant,**

v.

**Thomas M. SPENCER, Individually and in his official capacity as President of the San Jacinto Junior College, Harris County, Texas, etc., et al., Defendants-Appellees.**

No. 73-2992
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1974.

-* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Larry Watts, Houston, Tex., for plaintiff-appellant.

B. Jeff Crane, Jr., Houston, Tex., for defendants-appellees.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Following the remand directed by our opinion in the former appeal of this matter, Lewis v. Spencer et al., 5 Cir. 1972, 468 F.2d 553, the district court held an evidentiary hearing and entered its opinion order [1] finding adversely to the plaintiff-appellant's contentions as to the factual issues directed to be tried by our remand. Those issues were (1) whether or not the action[2] of the Board of Regents of San Jacinto Junior College in not renewing Ms. Lewis' teaching contract was taken in retaliation for her exercise of First Amendment rights and her rights of freedom of association; and (2) whether the adoption of the policy without a recognition therein of plaintiff and her husband's unique situation (viz, recently married and the only couple in the school to whom the policy was applicable) through such a device as a grandfather clause or prospective application, would make impermissible as applied an otherwise constitutionally valid policy.

The trial court's hearing fully ventilated these issues and his findings of fact settled them, unless we determine that his findings were "clearly erroneous". Rule 52(a), F.R.Civ.P.; United States v. National Association of Real Estate Boards, 1950, 339 U.S. 485, 495–496, 70 S.Ct. 711, 94 L.Ed. 1007. The task of demonstrating that the findings of a trial court are "clearly erroneous" is a heavy burden indeed. We are satisfied that the plaintiff-appellant has not met that burden on this appeal. Our view is rather that the trial court's findings were required by the evidence

1. Reported as Lewis v. Spencer et al., S.D. Texas, 1973, —— F.Supp. —— decided June 6, 1973.

2. Under a Board of Regents policy adopted in March of 1969 requiring that a husband and wife, both teachers, not teach in the same department.

presented, to the extent that we would seriously consider assigning a "clearly erroneous" label if contrary findings had been reached.

Affirmed.